IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PENELOPE GONZALEZ, as Personal
Representative of the Wrongful Death
Estate of TOMMY SAIZ,

        Plaintiff,

v.                                                CIV 11-0040 WDS/LAM

WEXFORD HEALTH SOURCES, INC.,
a foreign corporation doing business in
New Mexico, et al.,

        Defendants.

## ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL PRODUCTION OF MEDICAL INFORMATION

**THIS MATTER** is before the Court on the parties' *Uncontested Motion to Compel Production of Medical Information (Doc. 68)*, filed January 12, 2012. Having considered the motion, relevant law, and the record of the case, the Court **FINDS** that the motion is not well-taken and shall be **DENIED without prejudice.**

The parties state that Plaintiff Penelope Gonzalez, as personal representative of the wrongful death estate of Tommy Saiz, executed a release authorizing counsel for Defendant Wexford Health Sources, Inc. to access Mr. Saiz' medical information. [*Doc. 68* at 1]. The parties state that the New Mexico Office of the Medical Examiner (hereinafter "OMI") has not complied with Defendant Wexford's request for paraffin blocks containing samples taken during OMI's posthumous examination of Mr. Saiz. *Id.* at 2. The parties further state that OMI claims that "it is OMI's internal policy to refuse production of such information or materials unless provided with a court order mandating production." *Id.* The parties contend that "OMI has provided insufficient grounds

1

to deny Wexford's medical information request," and ask the Court to order OMI to produce the paraffin blocks on or before January 20, 2012.

The Court finds that this motion does not comply with the Federal Rules of Civil Procedure. It is not clear from the motion or the record of the case whether OMI was served with a subpoena for the materials sought by Defendant Wexford and, if it was served with a subpoena, whether it objected to the subpoena. *See* Fed. R. Civ. P. 45(c)(2)(B) ("A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials."). Moreover, even if OMI was served with a subpoena and served objections to it, it is not clear whether OMI received notice of this motion. *See* Fed. R. Civ. P. 45(c)(2)(B)(i) ("At any time, ***on notice to the commanded person***, the serving party may move the issuing court for an order compelling production or inspection.") (emphasis added). In addition, while the parties state that "OMI has provided insufficient grounds to deny Wexford's medical information request," the Court does not know what the grounds are for OMI's denial of the materials. For these reasons, the Court will deny the motion without prejudice.

In addition, the Court notes that the motion contains an attachment which includes Mr. Saiz' Social Security number, and the document was not filed under seal, which is in violation of the Court's privacy policy. *See* Notice of Electronic Availability of Case File Information, found at the Court's external website http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html (click on "Privacy Policy" and then "Amended Privacy Policy and Public Access to Electronic Files for the U.S. District Court"). Pursuant to that policy, "[i]f sensitive information must be included [in documents filed with the court], certain personal data identifiers must be partially redacted from the pleading," and "[if] an individual's Social Security number must be included in a document, only the last four

digits of that number should be used." If a party wishes to file a document containing personal data identifiers, the document must be filed under seal. The Court, therefore, orders the parties to contact the clerk's office to change the access level of this document so that it is not accessible by the public. The parties are cautioned to follow the Court's privacy policy in the future.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, the parties' *Uncontested Motion to Compel Production of Medical Information (Doc. 68)* is **DENIED without prejudice.**

**IT IS SO ORDERED.**

*Lourdes a. Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**